UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **PERRY WILEY #2211063** | § | |
| | § | |
| v. | § | A-20-CV-801-LY-SH |
| | § | |
| **AMY ALCALA and MARC McLEOD** | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court, pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules. Before the Court is Plaintiff Perry Wiley's pro se civil rights complaint. Plaintiff has been granted leave to proceed in forma pauperis.

**I.  Statement of the Case**

At the time he filed his complaint, Plaintiff was confined in the Polunsky Unit of the Texas Department of Criminal Justice – Correctional Institutions Division. Plaintiff was convicted by a jury of harassment of a public servant and obstruction or retaliation. Plaintiff pleaded true to an enhancement paragraph in each of his indictments. The jury assessed Plaintiff's punishment at confinement in the Texas Department of Criminal Justice for twenty years for each offense. The trial court ordered Plaintiff's sentences to be served concurrently. Plaintiff's convictions were affirmed by the Third Court of Appeals after the appellate court modified the judgments to reflect Plaintiff was convicted of felonies of the third degree instead of the second degree. *Wiley v. State*, Nos. 3-18-00548-CR and 3-18-00549-CR, 2020 WL 499613 (Tex. App.—Austin Jan. 31, 2020, no pet.).

1

Plaintiff sues the Austin Police Officers who arrested him, Amy Alcala #7836 and Marc McLeod #7091. Without providing any factual allegations, he alleges that the officers used excessive force during his arrest. He further alleges that the officers committed perjury at Plaintiff's trial when they testified that EMS Ruiz #2586 told them that Plaintiff smelled of alcohol and Plaintiff was preparing to hit Ruiz in the face at the time of the arrest. Plaintiff seeks $200,000 in punitive damages and $19,000 in compensatory damages from each defendant.

## II.  Discussion and Analysis

### A.  Standard under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972). The plaintiff's pro se status, however, does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B.  Excessive Force

There is no federal statute of limitations for § 1983 actions. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); *Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir. 1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Texas, the

applicable limitations period is two years. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)). Nevertheless, federal law determines when a § 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know, of the injury or damages forming the basis of the action. *See Piotrowski*, 51 F.3d at 516.

Plaintiff was arrested on April 28, 2017. His excessive force claims accrued at the time of his arrest. Plaintiff did not execute his civil rights complaint until July 15, 2020, after the limitations period had expired. Therefore, Plaintiff's excessive force claims are time-barred.

### C. Witness Immunity

Defendants Alcala and McLeod are protected by absolute immunity to the extent that Plaintiff claims they testified falsely at his trial on August 1, 2018. The Supreme Court has repeatedly made clear that, in the § 1983 context, "a trial witness has absolute immunity with respect to *any* claim based on the witness' testimony." *Rehberg v. Paulk*, 566 U.S.356, 367 (2012) (citing *Briscoe v. LaHue*, 460 U.S. 325, 332-33 (1983)). This is because "a witness' fear of retaliatory litigation may deprive the tribunal of critical evidence [and] . . . the possibility of civil liability [is] not needed to deter false testimony at trial because other sanctions . . . provide[ ] a sufficient deterrent." *Id.* (citing *Briscoe*, 460 U.S. at 342).

### III.  Recommendation

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include in its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in:

(a) the imposition of court costs, pursuant to Section 1915(f);

(b) the imposition of significant monetary sanctions, pursuant to Fed. R. Civ. P. 11;

  (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or

  (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that the Court warn Plaintiff that for causes of action accruing after June 8, 1995, the Texas Department of Criminal Justice, on receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit:

  (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order;

  (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or

  (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.

TEX. GOV'T CODE ANN. § 498.0045 (Vernon 2005).

It is further recommended that Plaintiff be warned that if, while he is a prisoner, he files more than three actions or appeals that are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event that this Report and Recommendation is accepted, adopted, or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ – Office of the General Counsel and the keeper of the three-strikes list.

## IV. Objections

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained within this Report within fourteen (14) days after being served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations and, except on grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

**SIGNED** on August 24, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE